## SELL, APPELLANT, *v.* GRAVES, RESPONDENT.

[Submitted March 30, 1894. Decided April 16, 1894.]

NEW TRIAL.—*Filing statement.*—A statement on motion for a new trial which was not filed after settlement as required by subdivision 3 of section 298 of the Code of Civil Procedure will not be stricken from the record on appeal where it was filed with the clerk before settlement, used upon the hearing of the motion, and thereafter remained as a file of the court.

SAME—*Settlement of statement.*—A statement on motion for a new trial will not be stricken from the record upon the alleged ground that it was not presented to the judge who tried the case, or delivered to the clerk for the judge to settle and sign within ten days after service of the proposed amendments, where it appeared that after the statement and amendments thereto were filed both were presented to the judge and settled in the presence of respective counsel.

SAME—*Settlement of statement—Waiver of objection.*—The appearance and taking part in the settlement of a statement on motion for a new trial by counsel for respondent constitutes a waiver of objection to the sufficiency of appellant's notice of intention to apply for the settlement thereof.

*Appeal from Tenth Judicial District, County of Flathead.*

ON MOTION to strike from the record the statement on motion for a new trial. Denied.

*McIntire & Clinton,* for Appellant.

*Sanford & Grubb,* and *Walsh & Newman,* for Respondent.

Per CURIAM.—Respondent moves this court to eliminate from the record the statement on motion for new trial:

1. Because the statement was not filed after the same was settled and allowed by the judge who tried the action. The motion cannot be sustained on this ground, because it appears from the statement that the same was filed with the clerk immediately after being prepared and served. Thereupon, respondent filed amendments, and thereafter, as the record shows, the court, with both counsel present, and after hearing their arguments, "settled said statement on motion for new trial, as being full and correct, and duly signed the certificate in accordance therewith." While the record does not show that the statement was refiled with the clerk after being settled it does show the filing of the statement and amendments with the clerk before the statement was settled and afterwards the motion for new trial was heard thereon. The statement on motion for new trial should be filed after settlement. (Code Civ. Proc., § 298, subd. 3.) But in this case the statement was filed before it was settled, and the tendency of all the proceedings shows that it remained with the clerk, as a file of the court, from the time it was first filed until it was settled, and the motion for new trial heard thereon, and still remains as such file. Under such state of facts, all the point amounts to is that the statement was filed before instead of after settlement, and this irregularity we think insufficient, as ground for striking out the statement.

2. Respondent urges the elimination of the statement on motion for new trial from the record because the same "was not presented to the judge who tried the cause, or delivered to the clerk for the judge to settle and sign, within ten days after service of the proposed amendments." On this point, as before recited, the record shows that the statement, after being prepared and served, was filed with the clerk, and amendments were proposed thereto by respondent, and filed with the clerk; and thereafter, as the record discloses, the same were presented to the judge and settled, counsel for both parties being present. Under these circumstances, how it can be maintained that the statement and amendments were not "delivered to the clerk of the court for the judge" we are unable to conceive. The record shows that both the statement and the amendments,

from the time of their preparation, were filed with the clerk, and, in due course, were presented to the judge. There is no merit, on that alleged ground, for striking out the statement.

The third ground on which respondent, moves to strike the statement on motion for new trial from the record is that appellant failed to give respondent five days' notice of his intention to apply to the judge who tried the cause to settle the statement. This ground of objection to the statement loses its force, in view of the disclosure of the record that respondent's counsel appeared, and took part in the settlement of the state-ment, on motion for new trial.

The motion of respondent to strike out the statement on motion for new trial will, therefore, be overruled.

*Motion overruled.*

All concur.